```
_✓_ FILED        ___ LODGED
___ RECEIVED    ___ COPY

    NOV 17 2017

CLERK U S DISTRICT COURT
  DISTRICT OF ARIZONA
BY_____DEPUTY
```

Gregory Goodman #230967
Name and Prisoner/Booking Number

A.S.P.C. Yuma/Cheyenne
Place of Confinement

P.O. Box 8909
Mailing Address

San Luis, AZ, 85349
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)


# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Gregory Edward Goodman              )
(Full Name of Plaintiff)            )
                     Plaintiff,     )
                                    )
              vs.                   )   CASE NO. CV-17-4233-PHX-DJH--BSB
                                    )         (To be supplied by the Clerk)
(1) Laura Donnelly (individual & official,)
(Full Name of Defendant)  capacity) )
(2) Laurie Leclair (individual & official,)
                         capacity)  )   CIVIL RIGHTS COMPLAINT
(3) Unknown Trinity Personel     ,  )        BY A PRISONER
                                    )   (Jury Trial Demanded)
(4) Unknown Corizon Personel     ,  )   ☒ Original Complaint
                 Defendant(s).      )   ☐ First Amended Complaint
☒ Check if there are additional Defendants and attach page 1-A listing them. )   ☐ Second Amended Complaint


## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☒ Other: Breach of Contract - Miller v. CCA, 239 Fed. Appx. 396, 397 (9th cir. 2007)

2. Institution/city where violation occurred: Yuma Complex / San Luis

DEFENDANTS 1-A continued

(5) Lori Johnson (individual & official capacity)
(6) Madeline Turpening (individual & official capacity)
(7) Karen Dotson-Barkley (Individual & official capacity)
(8) Rebecca Hernandez (individual & official capacity)

## B. DEFENDANTS

1. Name of first Defendant: **Laura Donnelly**. The first Defendant is employed as: **Registered Dietician** (Position and Title) at **Trinity Food Service Group, Inc.** (Institution).

2. Name of second Defendant: **Laurie Leclair**. The second Defendant is employed as: **Registered Dietician** (Position and Title) at **Trinity Food Service Group Inc.** (Institution).

3. Name of third Defendant: **Unknown Trinity Personel**. The third Defendant is employed as: **Unknown** (Position and Title) at **Trinity Services Group, Inc.** (Institution).

4. Name of fourth Defendant: **Unknown Corizon Personel**. The fourth Defendant is employed as: **Unknown** (Position and Title) at **Corizon** (Institution).

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ☒ Yes   ☐ No

2. If yes, how many lawsuits have you filed? **3**. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: **Gregory Edward Goodman** v. **Mike Linderman, et al.,**
      2. Court and case number: **CV-12-0146-PHX-DJH (BSB)**
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) **Still Pending**

   b. Second prior lawsuit:
      1. Parties: **Gregory Edward Goodman** v. **Charles L. Ryan, et al.,**
      2. Court and case number: **CV-16-01513-NVW (BSB)**
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) **Ongoing / Still Pending on Result.**

   c. Third prior lawsuit:
      1. Parties: **Gregory Edward Goodman** v. **Charles L. Ryan, et al.,**
      2. Court and case number: **CV-11-0252-PHX-FJM**
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) **Privately Settled amongst both Parties**

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

2

B. DEFENDANTS continued 2-A

5. Name of 5th Defendant, Lori Johnson. The Fifth Defendant is employed as: Facility Health Administrator at Yuma Complex
   (Position & Title)                    (Institution)

6. Name of 6th Defendant, Madeline Turpening. The Sixth Defendant is employed as: Facility Health Administrator at Yuma Complex
   (Position & Title)                    (Institution)

7. Name of 7th Defendant, Dotson-Barkley. The Seventh Defendant is employed as: Nurse Provider for Corizon at Yuma Complex
   (Position & Title)                    (Institution)

8. Name of 8th Defendant, Rebecca Hernandez. The Eighth Defendant is employed as: Contract Liasion at Yuma Complex
   (Position & Title)                    (Institution)

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: _Eighth Amendment, United States Constitution (Lemaire v. Moass, 12 F.3d 1444, 1456 (9th Cir. 1993))_

2. **Count I.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☒ Other: _Healthy/Nutritious Meals_

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what each **Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   Plaintiff began warning Defendant Laura Donnelly on 2/8/2011, about the harmfull and un nutritious aspects of the Vegan religious diet that defendant Donnelly created to accommodate Buddhist dietary tenets of Plaintiff that he had to litigate in order to acquire. No response was recieved by Plaintiff.

   Plaintiff again in 6/28/2015, wrote defendant Donnelly regarding the unhealthy and harmfulness of the Vegan religious diet and that it does not maintain his health.

   Plaintiff, on 6/6/2016 and 7/8/2016 filed and recieved an informal complaint regarding the issue of being served an unhealthy processed foods vegan diet. Basied Plaintiff, on 7/8/2016, began the grievance process, and on 8/26/2016, Plaintiff recieved an negative response, and continued grievance appeal regarding the unhealthy vegan religious diet that Defendant Laura Donnelly created with Defendant LeClair.

   On 11/10/2016, Plaintiff recieved final exhaustive grievance appeal response, denying Plaintiff any relief.

   Plaintiff has sent many direct letters via u.s. Postal mail to Defendant Laura Donnelly, never recieving any response. Simply ignored on all attempts.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Plaintiff, as a result of Defendants not creating and providing a naturally nutritious and healthy vegan religious diet, have not only placed Plaintiff at risk of developing diet related diseases, but also have diminished Plaintiffs health by

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count I? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Count I to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

responsible for correcting issues with the contracts, such as Trinity's contract with A.D.C., she choose to not correct any of the issues regarding the religious vegan diet, even though Plaintiff had wrote numerous of inmate letters outlining all the issues regarding the unhealthy vegan diet.

1. **D. CAUSE OF ACTION continued**
2. **3. Supporting Facts. (Continued)**
3. Plaintiff has been ignored, denied and simply provided inaccur-
4. ate information and statements as to the legitamacy of the Vegan diet
5. being "heart healthy", certified, analyzed. All responses ignoring the
6. facts that processed foods, beverages and ingredients are not healthy
7. nor nutritious and to the contrary diminish and destroy Plaintiffs
8. health. And place him at risk of developing a diet related disease.
9. The Defendants, both registered dietricians, should know these facts
10. and have not created such a unhealthy diet placing Plaintiff at risk for
11. harm and suffering diminished health, and suffering diminished health.
12. The Defendants should, as professionals that are registered dieticians,
13. of been aware that White Flour is not healthy nor does it maintain
14. health. White Rice is not healthy. Processed White Potatoes, are not healthy,
15. White Sugar, definitely unhealthy and contributes to heart disease. Arti-
16. ficial sweeteners are guaranteed unhealthy. Corn syrup, processed oils,
17. processed peanut butter, chips, synthetic Nutrients - vitamins and minerals,
18. all in abundance and combined to make up a diet lacking fresh fruits
19. and vegetables. Is well known to be part of a unhealthy diet!
20. Plaintiff sought help and relief and recieved none, by Defendants,
21. Donnelly and LeClair, nor any ADc. official, or Corizon health care personnel.
22. Also as to the unknown Trinity Personel that played a
23. part in the formulation and acceptance of the religious Vegan
24. diet, they may or may not be employed by Trinity outside corpor-
25. ations were utilized to analyze Defendants diets they formulated.
26. Hence Plaintiff stating "unknown" defendants.
27. Defendant Hernandez is the Contract Liasion, she is

3-A

4. Injury. (Continued)

diminishing strength of muscles, muscle mass has decreased, weakened fingernails, slow wound healing, lowered immune system resulting in contracting many colds, flu's and sore throats, decreased stamina, fatigue, anemia, sore joints and ligaments, decreased eyesight, loss of interest, depression, more sensitive teeth then prior to incarceration in the Arizona Department of Corrections, diarrhea, constipation, stomach cramps.

Also ongoing risk of malnutrition, permanent nerve damage due to not having a healthy source of vitamin B12, and other health problems that are associated with consuming processed foods, beverages and ingredients, and/or the harm, diminished health caused by not consuming these processed foods, beverages and ingredients out of fear of the damage that can result.

Plaintiff's health prior to Arizona Department of Correction term of incarceration, was at peak level. Now it has become diminished due to the Vegan religious diet, that Defendants have created, and forced upon Plaintiff with no alternative's at all, other then consume the unhealthy meals or starve.

On 09/21/2017 Plaintiff discontinued working at his institutional job as a porter and also requested exemption from any job detail due to his ever increasing malnutrition that now causes him to be unable to even work. Thus another injury to his financial setting, being unable to earn monetary value, places him in further debt.

Also future harm financially, due to the inability to continue working in the construction trades upon release, this will place

4. Injury continued

Plaintiff into a position that will greatly affect his livlihood and thus cause further stress and hardship till he regains his health back to healthy pre-A.D.C. levels and strength, and stamina.

And the emotional and mental harm is also too a factor. Plaintiff is well aware that processed foods are not healthy and cause harm to the human body, thus placing him in a situation where he either starves and becomes malnurished or consumes the processed foods and suffers emotional upset and fear of developing a food-related disease associated with processed foods. And having been subjected to this diet for a total span of almost 9 years in the A.D.C., since 2009, he is near the 10 year mark that some of these diseases begin to develope. This anxiety is constantly battled, at times plaintiff can not even eat and goes without and suffers severe hunger pangs.

Out of fear of developing dementia, stroke or other artifical sweetener related diseases, Plaintiff forgo's many items that are heavily fortified with nutrients - vitamins and minerals.

This causes more emotional upset due to the only source of Vitamin B12 - only 35% daily value - is a artificially sweetened calcium packet. And Vitamin B12 deficiencies can cause irreversible neurological damage, nerve damage and other serious harm. Thus, a Hobson's Choice of epic size is placed upon Plaintiff, he must choose what harm to possibly endure, both are real and proven fact, this is mental anguish! All due to the careless action of Defendants.

## COUNT II

1. State the constitutional or other federal civil right that was violated: _Third-Party Beneficiary Miller v. Corrections Corp. of America, 239 Fed.Appx. 396, 397 (9th cir. 2007)_

2. **Count II.** Identify the issue involved. Check only one. State additional issues in separate counts.
   ☐ Basic necessities   ☐ Mail   ☐ Access to the court   ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion   ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☒ Other: _Breach of Contract_

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   Plaintiff is an 'third-party beneficiary' to the food service contract between Trinity Services Group, Inc. and the Arizona Dept. of Corrections.
   Trinity food service is to provide Plaintiff Goodman with healthy and nutritious religious vegan diet meals, per the contract, of which Plaintiff is not recieving healthy or nutritious meals at all.
   Defendants Donnelly and Leclair are the registered dieticians for Trinity food service, the religious vegan diet they are responsible for creating has diminished Plaintiff's health and has not maintained his health.
   Plaintiff has written Defendant Donnelly several times via inmate letters, grievances and U.S. Postal mail letters. As of 10/30/2017 Plaintiff has not once recieved any response.
   Plaintiff has wrote numerous of inmate letters to Defendant Rebecca Hernandez the Trinity Contract Liasion, detailing specifically how the vegan diet is not healthy or nutritious. She chose to not act.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Plaintiff is being subjected to diminished health, malnutrition and lost of ability to be gainfully employed upon release in the field of employment he is experienced in - construction work, very physically demanding...

   Cont. on 4-A

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Count II?   ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Count II to the highest level?   ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

Count II. Injury. continued...

physical task that will be unable to be performed by Plaintiff, thus preventing Plaintiff from earning a living.

Defendants unhealthy, non-nutritious, formulated religious vegan diet that mainly consist of processed items known to cause disease and diminish health, along with the lack of naturally nutritious, fresh, raw produce, source of calcium, B12 and omega 3 fatty acids, including the absence of variety has caused plaintiff to become malnourished; reduced muscle mass and strength; noticeable weight loss; fatigue; slow wound healing; weak nails; sore, painful joints and ligaments; reduced night vision; visual weakness; lack of ability to concentrate; constipation; diarrhea; hunger pangs; anxiety; fear of developing severe malnutrition; at risk of developing permanent/irreversible neurological nerve damage due to vitamin B12 deficiency; sensitive teeth; anemia like sensitivity to cold weather; and continuing diminished health.

4-A

## COUNT III

1. State the constitutional or other federal civil right that was violated: <u>Eighth Amendment</u>
   <u>Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996)</u>.

2. Count III. Identify the issue involved. Check only one. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☒ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. Supporting Facts. State as briefly as possible the FACTS supporting Count III. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   Plaintiff submitted an Health Needs Request (HNR) form to Corizon Health Services on 06/08/2016, informing Corizon of suffering being caused by the meals served by Trinity Food Service.
   Defendants from Corizon stated that there is nothing that can be done about this issue, as Corizon and Trinity per contract agreement can not interfer or direct one another of services provided. And that Trinity claims the meals meet or exceed nutrient requirements.
   On 06/25/2016 Plaintiff filed another HNR. to Corizon concerning the harm being caused due to the processed foods diet he is forced to either consume or suffer hunger pangs both leading to malnutrition.
   Defendants again told Plaintiff he was "healthy" due to BMI chart and his vitals stating so, ignoring his other complaints that have nothing to do with BMI or vitals and would not be reflected via these forms of analysis.
   On 07/08/2016 Plaintiff filed another, 3rd HNR, to Corizon.
   Defendants still ignored and kept Plaintiff untreated or relieved.
   On 07/31/16 Plaintiff filed another HNR. regarding his diminished health.

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).
   Defendants have caused Plaintiff to diminish health wise, loss over 30 pounds, and suffer bouts of diarrhea, constipation and nausea. Also have subjected Plaintiff to malnutrition symptoms.

5. Administrative Remedies.
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count III? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Count III to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.

COUNT III

3. Supporting facts continued... 5-A

Defendants checked vitals and weight and continued to state there is no problem and that although the processed foods being served are not healthy, that nothing can be done by Corizon due to contractual issues to not embark on one another's services.

On 09/12/2016, Plaintiff filed another HNR complaining of the harm being caused by the processed foods in H.D. diet.

Defendants still would not assist Plaintiff.

On 12/05/2016 Plaintiff filed another HNR noting his significant weight loss of 30 pounds, of which is officially documented by Corizon nurses, and still nothing could be done.

On 10/21/2016 Plaintiff recieved final exhaustive grievance appeal only using the BMI (Body Mass Index) chart as proof Plaintiff was or is not suffering malnutrition, or other symptoms as a result of consuming some of the processed foods.

On 07/08/2016 Plaintiff started the grievance procedure.

On 11/01/2017 Plaintiff is still unrelieved of ongoing diminished health.

## E. REQUEST FOR RELIEF

State the relief you are seeking:

A. Issue a declaratory judgment stating that:
1) The diminished health of the Plaintiff, as a result of Defendants Donnelly and Leclair creating an unhealthy vegan religious diet, did violate the Plaintiff's Rights under the United States Constitutions Eighth Amendment.

B. Award Compensatory damages in the following amounts:
1) $50,000 jointly and severally against Defendants Donnelly and Leclair for the diminished physical health and injuries sustained as a result...

Cont. on 6-A

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __November 1st 2017__
            DATE

_____
SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

E. Request for Relief Continued...

of Defendants poorly formulated, unhealthy, non-nutritious religious vegan diet.

   C. Award punitive damages in the following amounts:
      1) $20,000 against Defendant Laura Donnelly
      2) $15,000 against Defendant Laurie LeClair

   D. Reimburse Plaintiff full cost of filing this action.

   E. All awards not to be subjected to any Arizona Revised Statutes.

   F. Grant such other relief as it may appear that Plaintiff Goodman is entitled.

   G. Issue a declaratory judgment stating that:
      1) The diminished health of the Plaintiff as a result of Defendants from Corizon, was an act of deliberate indifference and thus violating the Eighth Amendment.

   H. Award compensatory damages in the following amounts:
      1) $50,000 jointly and severally against Corizon Defendants - Lori Johnson, Nurse Provider Dotson-Barkley, Madeline Turpening, et al. and other unknown actors involved, for the failure to act and deliberate indifference of Plaintiff had to suffer.

   I.) Award Punitive Damages in the following amounts:
      1) $10,000 against F.H.A. Lori Johnson
      2) $10,000 against FHA Madeline Turpening
      3) $6,000 against Dotson-Barkley

   J.) Grant such other relief as it may appear that Plaintiff Goodman is entitled.

November 10th 2017

6-A